**Clayton P. BRADSHAW; James C. Bradshaw; Shelley D. Bradshaw, Plaintiffs–Appellees,**

v.

**Donald Merl CATLETT; Jane Allene Catlett, individuals, Defendants–Appellants.**

**No. 06–56203.**

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2008.*

Filed April 17, 2008.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Bruce R. Menke, Esq., Menke Law Firm, Long Beach, CA, Coby R. Halavais, Esq., Thomas G. Kemerer, Esq., Halavais & Associates, APC, Lake Forest, CA, for Plaintiffs–Appellees.

Stuart B. Esner, Esq., Gregory R. Ellis, Esq., Esner, Chang, & Ellis, Pasadena, CA, for Defendants–Appellants.

Before: BEEZER, T.G. NELSON, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Donald Catlett and Jane Catlett appeal from the district court's judgment following a bench trial. We have jurisdiction under 28 U.S.C. § 1291. "We review the district court's findings of fact following a bench trial for clear error and its conclusions of law de novo." *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1427 (9th Cir. 1996). We affirm.

■ The district court did not err in determining that a trust was created in accordance with the terms of the 1988 Agreement between Cecile Bradshaw and Donald Catlett. The district court's finding that the 1988 Agreement was a written memorialization of the understanding between Mrs. Bradshaw and Mr. Catlett at

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the time Mrs. Bradshaw executed the 1987 Grant Deed is not clearly erroneous. Execution of the 1988 Agreement memorializing the oral agreement in 1987 to create a trust in the future took the 1987 oral agreement outside of the statute of frauds. *See Ayoob v. Ayoob,* 74 Cal.App.2d 236, 168 P.2d 462, 466–67 (1946).

■ The district court did not err in concluding that no written document in the record executed by Mrs. Bradshaw and delivered to Mr. Catlett manifested an intent by Mrs. Bradshaw to revoke the trust. *See* Cal. Prob.Code § 15401(a)(2) (providing that a trust can be revoked by the settlor through "a writing (other than a will) signed by the settlor and delivered to the trustee during the lifetime of the settlor"). The district court also did not err in concluding that the trust was properly funded by virtue of Mr. Catlett's promise to create trusts for the beneficiaries upon the death of Mrs. Bradshaw using the proceeds from the sale of the Long Beach Property. *See* Cal. Prob.Code § 15200(e) (providing that a trust can be created through "[a]n enforceable promise to create a trust"); Cal. Prob.Code § 15202 ("A trust is created only if there is trust property.").

■ The Catletts did not raise before the district court their claim that the terms of the trust are not sufficiently certain to make the trust enforceable. We decline to address this issue for the first time on appeal. *See Barcamerica Int'l USA Trust v. Tyfield Imps., Inc.,* 289 F.3d 589, 595 n. 6 (9th Cir.2002).

We have considered the other arguments raised by the Catletts on appeal and deny them as without merit.

AFFIRMED.